# Matter of Rudolf STRYDOM, Respondent

*Decided May 24, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction under section 21-3843(a)(1) of the Kansas Statutes Annotated for violation of the no-contact provision of a protection order issued pursuant to section 60-3106 of the Kansas Protection from Abuse Act constitutes a deportable offense under section 237(a)(2)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(ii) (2006).

FOR RESPONDENT: Leon Versfeld, Esquire, Kansas City, Missouri

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

MULLANE, Board Member:

In a decision dated July 8, 2010, an Immigration Judge found the respondent removable for violation of a protection order under section 237(a)(2)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(ii) (2006), and ordered him removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of South Africa who entered the United States in 2004 as a nonimmigrant and adjusted his status to that of a lawful permanent resident on March 11, 2008. The District Court of Kiowa County, Kansas, issued a temporary order on April 28, 2010, granting the respondent's wife protection from abuse pending a hearing scheduled for May 26, 2010. Included in that order was a requirement that the respondent not contact his wife or request another person to contact her, either directly or indirectly. On May 6, 2010, the respondent was convicted under section 21-3843 of the Kansas Statutes Annotated of violating the terms of the protection order and of harassment by phone under section 21-4113(a)(2).

In a Notice to Appear (Form I-862) dated May 12, 2010,[1] the Department of Homeland Security charged the respondent with removal under section 237(a)(2)(E)(ii) of the Act as an alien who had violated that portion

---

[1] The Notice to Appear indicates that the respondent's last name is Strydum, but pursuant to a discussion during the proceedings, the Immigration Judge corrected it in her decision to Strydom.

of a protection order that involved "protection against credible threats of violence, repeated harassment, or bodily injury" to the person for whom the protection order was issued. The respondent filed a motion to terminate the proceedings, arguing that his attempt to make a phone call to his wife's home in violation of the no-contact provision of the temporary protection order did not fall within section 237(a)(2)(E)(ii). The Immigration Judge determined that because each part of the protection order was entered to protect the respondent's wife and children from future abuse at his hands, the respondent's violation of the no-contact provision rendered him removable. We review the Immigration Judge's determination regarding this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2011).

Our analysis begins with looking at two statutes that are critical for deciding this case. The first is section 237(a)(2)(E)(ii) of the Act, the ground of removal, which provides:

> Any alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

The second is the State statute. The respondent was convicted of violating section 21-3843 of the Kansas Statutes Annotated,[2] which provides, in pertinent part, as follows:

> (a) Violation of a protective order is knowingly or intentionally violating:
>   (1) A protection from abuse order issued pursuant to K.S.A. 60-3105, 60-3106 and 60-3107, and amendments thereto;
>   (2) a protective order issued by a court or tribunal of any state or Indian tribe that is consistent with the provisions of 18 U.S.C. 2265, and amendments thereto;
>   (3) a restraining order issued pursuant to K.S.A. 38-2243, 38-2244 and 38-2255 and K.S.A. 60-1607, and amendments thereto;
>   (4) an order issued in this or any other state as a condition of pretrial release, diversion, probation, suspended sentence, postrelease supervision or at any other time during the criminal case that orders the person to refrain from having any direct or indirect contact with another person;
>   (5) an order issued in this or any other state as a condition of release after conviction or as a condition of a supersede as bond pending disposition of an appeal,

---

[2] Section 21-3843 was repealed on May 13, 2010, effective July 1, 2011, and was replaced by section 21-5924. *See* 2010 Kansas Laws, ch. 136, §§ 307, 308 (West).

that orders the person to refrain from having any direct or indirect contact with another person; or

    (6) a protection from stalking order issued pursuant to K.S.A. 60-31a05 or 60-31a06, and amendments thereto.

The respondent's conviction does not specify under which part of section 21-3843 he was convicted. Moreover, the statute included violations of court orders that would not be covered by section 237(a)(2)(E)(ii) of the Act. For example, a restraining order issued pursuant to section 60-1607 of the Kansas Statutes Annotated pertains to orders involving the disposition of property pending final judgment on a petition for divorce, so a violation of section 21-3843(a)(3) would not be a removable offense under section 237(a)(2)(E)(ii). Therefore the respondent's conviction for violating section 21-3843 is not categorically a conviction for an offense that would render him removable. *See Taylor v. United States*, 495 U.S. 575 (1990). Thus, we will apply the modified categorical approach to this case and consider the record of conviction. *Id.*; *see also Matter of Milian*, 25 I&N Dec. 197, 199-200 (BIA 2010).

The record of the respondent's conviction contains a copy of the "Temporary Order of Protection from Abuse" entered on April 28, 2010, which indicates that it was issued pursuant to section "60-3101 *et seq.*" of the Kansas Statutes Annotated. Thus, we conclude that the respondent's conviction was pursuant to section 21-3843(a)(1) of the Kansas Statutes Annotated, which relates to "protection from abuse" orders issued pursuant to sections 60-3105, 60-3106, and 60-3107.

There is no dispute that the protection from abuse order is a "protection order" within the meaning of section 237(a)(2)(E)(ii) of the Act. There is also no dispute that the Kansas court determined that the respondent violated the protection order. Accordingly, the sole issue in this case is whether the Immigration Judge properly determined that the respondent's violation of the protection order "involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued" within the meaning of section 237(a)(2)(E)(ii) of the Act.

The respondent argues that the record of conviction is insufficient to establish his removability under section 237(a)(2)(E)(ii). Specifically, he asserts that since he may only have violated the "no-contact" provision of the protection order, it is not clear that he engaged in conduct prohibited by the Act. The respondent's contention that a "mere violation" of the "no-contact" provision is not covered by section 237(a)(2)(E)(ii) is not persuasive.

According to section 60-3101(b) of the Kansas Statutes Annotated, the Kansas Protection from Abuse Act should be "liberally construed to promote

the protection of victims of domestic violence from bodily injury or threats of bodily injury and to facilitate access to judicial protection for the victims." Pursuant to section 60-3106(b), a Kansas court can issue a temporary relief order pending a hearing when it is deemed "necessary to protect the plaintiff or minor children from abuse."[3] "Immediate and present danger of abuse" constitutes "good cause" for issuance of such an order under that section. Abuse is defined in sections 60-3102(a)(1) and (2) and includes acts between "intimate partners or household members" that involve intentionally attempting to cause or causing bodily injury, or "placing, by physical threat, another in fear of imminent bodily injury." Thus, a temporary relief order is only entered pursuant to section 60-3106 where there has been an abusive incident or there is an immediate danger of physical abuse, from which the court can offer protection.

One important form of protection provided to the court by the Kansas statute is the authority to issue temporary protection from abuse orders requiring the offender to stay away from the victims. Thus, the respondent's attempt to minimize his violation as one of mere "contact" is not persuasive because the primary purpose of a no-contact order is to protect the victims of domestic abuse by the offender. In other words, the offender is ordered not to have any contact so that the victims will not be victimized again. The no-contact provision in the respondent's temporary protection order was one that "involves protection against credible threats of violence, repeated harassment, or bodily injury" within the meaning of section 237(a)(2)(E)(ii) of the Act.

Our reasoning and analysis is supported by two decisions from the United States Court of Appeals for the Ninth Circuit. In *Szalai v. Holder*, 572 F.3d 975 (9th Cir. 2009), and *Alanis-Alvarado v. Holder*, 558 F.3d 833 (9th Cir. 2009), the Ninth Circuit affirmed our conclusion that a violation of a no-contact provision was covered by section 237(a)(2)(E)(ii) of the Act. In *Alanis-Alvarado*, the court specifically stated that an injunction against telephoning a domestic partner in the context of a domestic violence protective order "'involves protection against' violence, threats, or harassment, even if it is possible that the [offender's] violative conduct did not independently constitute violence, threats, or harassment." *Alanis-Alvarado v. Holder*, 558 F.3d at 839-40 (quoting section 237(a)(2)(E)(ii) of the Act). The court emphasized that there was no requirement in section 237(a)(2)(E)(ii) that the respondent "*actually had engaged* in violent, threatening, or harassing behavior," noting that it only requires a violation of "the portion

---

[3] Section 60-3107(a)(1) of the Kansas Statutes Annotated also permits a court to grant a restraining order to prevent abuse, and under section 60-3105, a judge can grant such relief on an emergency basis.

of a protection order that *involves protection against*" credible threats of such conduct. *Id.* at 839 (internal quotation marks omitted).

In *Szalai*, the Ninth Circuit relied on its reasoning in *Alanis-Alvarado* to hold that the petitioner's violation of the "100 yard stay away provision" in a restraining order issued pursuant to the Oregon Family Abuse Prevention Act was one that involves protection against credible threats of violence, repeated harassment, or bodily injury. *Szalai v. Holder*, 572 F.3d at 982. The court therefore concluded that such a no-contact provision was sufficient to satisfy section 237(a)(2)(E)(ii) of the Act.

We recognize that not all aspects of a protection order will trigger section 237(a)(2)(E)(ii). The Ninth Circuit noted that "provisions requiring attendance at and payment for a counseling program or requiring the payment of costs for supervision during parenting time" will not be covered by section 237(a)(2)(E)(ii). *Szalai v. Holder*, 572 F.3d at 980. The respondent does not argue that his violation involved such a provision. Moreover, the record shows that he violated the no-contact provision in the protection order. We therefore agree with the Immigration Judge's conclusion that the respondent is removable under section 237(a)(2)(E)(ii) of the Act. Since the respondent has not applied for any relief from removal, his appeal will be dismissed.

**ORDER:** The appeal is dismissed.