In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2835

MARTIN GARCIA-HERNANDEZ,

*Petitioner,*

*v.*

DANA J. BOENTE,
Acting Attorney General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
No. A089-283-449

ARGUED APRIL 26, 2016 — DECIDED FEBRUARY 7, 2017

Before KANNE, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This case lies at the intersection of immigration law and legal measures to prevent domestic violence. Even if a state court does not impose severe punishment for an alien's violation of a domestic protective order, the immigration consequences may be severe, as in this case.

Petitioner Martin Garcia-Hernandez, a citizen of Mexico, sought cancellation of removal, arguing that his removal would cause exceptional and extremely unusual hardship for his U.S.-citizen children. See 8 U.S.C. § 1229b(b)(1). An immigration judge concluded that he was statutorily ineligible for this discretionary form of relief because of a 2010 conviction for violating a domestic protection order in Illinois. See 8 U.S.C. § 1227(a)(2)(E)(ii). The Board of Immigration Appeals affirmed. On judicial review, we agree that Garcia-Hernandez's conviction renders him ineligible for the relief he seeks. We deny the petition for review.

I.   *Factual and Procedural Background*

Garcia-Hernandez entered the United States from Mexico without inspection in 2000. In February 2010, Sara Talavera, the mother of two of Garcia-Hernandez's children, obtained an emergency court order of protection against him after having moved out of the home they shared. The protection order was soon extended to be effective for one year.

About a month later, Garcia-Hernandez was charged under 720 ILCS 5/12-3.4 (formerly 720 ILCS 5/12-30) with violating the protection order by "confronting the complainant [Talavera] at the protected address and harassing her" and with violating the provision in the protection order requiring him to stay away from Talavera, her children, and their residence whenever any of them was present. Garcia-Hernandez pled guilty. He was sentenced to twelve months of supervision and participation in a domestic-violence clinic.

Shortly after his conviction, Garcia-Hernandez was placed in removal proceedings and charged as inadmissible for being

present in the United States without being admitted or pa-roled. See 8 U.S.C. § 1182(a)(6)(A)(i). Garcia-Hernandez con-ceded that he was removable but said he intended to seek can-cellation of removal for nonpermanent residents because of the hardship his children will face if he is removed. 8 U.S.C. § 1229b(b).

Removal may be cancelled under § 1229b(b)(1) if an alien has been physically present in the United States for ten years, has been a person of good moral character during those years, and establishes that removal would result in "exceptional and extremely unusual hardship" to the alien's spouse, parent, or child who is a U.S. citizen or lawful permanent resident. There is one other requirement under § 1229b(b)(1): the alien may not have been convicted of an offense under 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3).

The relevant provision here is § 1227(a)(2), which sets forth numerous provisions for crimes that will render an alien both removable and ineligible for discretionary cancellation of removal. The legal issue for the immigration judge, the Board, and now us is whether Garcia-Hernandez's conviction for violating the protection order makes him legally ineligible for cancellation of removal under the terms of § 1227(a)(2)(E)(ii). That provision makes removable any alien who a court "determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protec-tion order was issued." The immigration judge determined that Garcia-Hernandez's offense qualified under (E)(ii) be-cause the charging document to which he pled guilty said that he had harassed Talavera and violated the injunction to stay

away from her. There is no doubt here that the protection order qualifies under (E)(ii) or that Garcia-Hernandez was the person enjoined by that order.

On appeal to the Board of Immigration Appeals, Garcia-Hernandez argued that § 1227(a)(2)(E)(ii) did not apply because the charging document did not say that he had actually made credible threats of violence or caused repeated harassment or bodily injury. In his view, he had failed to comply only with the protection order's stay-away provision. The Board upheld the judge's decision, adding that § 1227(a)(2)(E)(ii) is not limited to cases involving actual harassment or threats but also extends to violations of provisions meant to prevent those behaviors, such as no-contact or stay-away provisions.

II.  *Analysis*

A.  *Categorical Approach and Modified Categorical Approach*

To determine whether an alien's prior criminal conviction qualifies as a removable offense under 8 U.S.C. § 1227(a)(2), courts apply the "categorical approach" or "modified categorical approach," first adopted for domestic criminal law in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). The categorical and modified categorical approaches are triggered by statutes that spell out consequences for criminal *convictions*. See *Moncrieffe v. Holder*, 569 U.S. —, 133 S. Ct. 1678, 1684–85 (2013) ("conviction" is the "relevant statutory hook" for applying categorical approach); cf. *Nijhawan v. Holder*, 557 U.S. 29, 39–40 (2009) (declining to apply categorical approach to loss element for crimes of fraud and deceit that involved losses of more than $10,000 under

"aggravated felony" provision of immigration statute, 8 U.S.C. § 1101(a)(43)(M)(i)).

Section 1227(a)(2) spells out numerous categories of criminal offenses that will render an alien removable. All but three of those provisions are framed in terms of criminal convictions. The three exceptions are § 1227(a)(2)(B)(ii), which applies to "Any alien who is, or at any time after admission has been, a drug abuser or addict," § 1227(a)(2)(F), which applies to aliens involved in human trafficking, and the provision at issue here, § 1227(a)(2)(E)(ii), which applies to those who violate protection orders. The full text of (E)(ii) provides:

> Any alien who at any time after admission is enjoined under a protection order issued by a court and whom [sic] the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

Much of the legal argument in this case has focused on whether the Illinois statute and charges to which Garcia-Hernandez pled guilty "categorically" involved violation of a

portion of the protection order that involved "protection against credible threats of violence, repeated harassment, or bodily injury," or whether the modified categorical approach might apply. At the time of oral argument, the statute appeared to be divisible, so that the modified categorical approach would apply. The Supreme Court's later decision in *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016), narrowed the field of statutes that can be deemed divisible, so we have taken a fresh look at the overall issue.

The text of (E)(ii) does not depend on a criminal conviction but on what a court "determines" about the alien's conduct. Based on that significant textual difference between (E)(ii) and other provisions, we find that neither the categorical approach nor the modified categorical approach controls this case. What matters is simply what the state court "determined" about Garcia-Hernandez's violation of the protection order.

The key language, "the court determines," does not require a conviction of a particular kind or the categorical approach at all. What matters is what the court "determines." Section 1227(a)(2)(E)(ii) makes clear that the protection order can be one that is issued and enforced in another proceeding (such as a divorce action in which a court holds the alien in contempt for violating the order). Given the reference to a "conviction" in § 1229b(b)(1), we assume that a criminal conviction is needed, but the focus on what the court "determines" points, as in *Nijhawan*, away from any sort of categorical test with respect to that particular element of the federal statute. If a court "determines" that the alien has engaged in

conduct that violates a portion of the order that "involves protection against credible threats of violence, repeated harassment, or bodily injury," that is enough for purposes of (E)(ii).

This emphasis on the court's determinations about the alien's conduct is consistent with the text of (E)(ii) and with the concurring opinion in *Szalai v. Holder*, which explains why use of the court's determinations about actual conduct is appropriate in deciding whether an alien is removable under § 1227(a)(2)(E)(ii). See 572 F.3d 975, 982–87 (9th Cir. 2009) (Wu, J., concurring). In that case, the majority applied the categorical and modified categorical approaches to conclude that the petitioner's violation of a "100 yard stay away provision" in a restraining order under Oregon law was one that involved protection against credible threats of violence, repeated harassment, or bodily injury, thereby satisfying § 1227(a)(2)(E)(ii). *Id.* at 982. Judge Wu's concurring opinion argued that the language of § 1227(a)(2)(E)(ii) calls for a focus on the state court's determinations rather than the categorical or modified categorical approaches. *Id.* at 984–86.[1]

In this case, the immigration judge looked at documents in the record of conviction to determine the portions of the protection order that Garcia-Hernandez was charged with and convicted of violating. The state court determined that Garcia-Hernandez violated the "stay away" portion of the protection order by going to Talavera's residence and confronting her. The immigration judge thus found that Garcia-Hernandez, by violating the protection order's "stay-away"

---

[1] See also *Hoodho v. Holder*, 558 F.3d 184, 189 n.2 (2d Cir. 2009) (noting that not every removability provision requires categorical approach, and leaving question open regarding § 1227(a)(2)(E)(ii)).

provision, engaged in conduct that violated portions of the protection order that "involve[d] protection against credible threats of violence, repeated harassment, or bodily injury." § 1227(a)(2)(E)(ii).

Under Board precedent, a violation of a stay-away provision fits within the scope of § 1227(a)(2)(E)(ii). In *In re Strydom*, 25 I. & N. Dec. 507, 510–11 (2011), the Board broadly interpreted the language of (E)(ii) ("involves protection against credible threats of violence, repeated harassment, or bodily injury") to include even provisions requiring offenders to stay away from victims or to refrain from contacting them. The Board explained that the purpose of such provisions is to prevent future threats of violence, harassment, or injury—regardless of whether the offender, in violating the order, actually had engaged in these behaviors. *Id*.

The Tenth Circuit has deferred to the Board's interpretation of § 1227(a)(2)(E)(ii) to cover a no-contact provision, see *Cespedes v. Lynch*, 805 F.3d 1274, 1277–78 (10th Cir. 2015), and the Ninth Circuit, in two decisions preceding *Strydom*, construed the language of § 1227(a)(2)(E)(ii) similarly, see *Szalai*, 572 F.3d at 982; *Alanis-Alvarado v. Holder*, 558 F.3d 833, 839–40 (9th Cir. 2009). We agree with the Board's reading of § 1227(a)(2)(E)(ii) and agree that the state court's determinations here render Garcia-Hernandez ineligible for cancellation of removal. See 8 U.S.C. § 1229b(b)(1)(C).[2]

---

[2] On judicial review, Garcia-Hernandez has raised a new argument about which side bore the burden of proof on the issue. The argument was waived by failing to raise it before the Board, but the burden of proof would not matter here. The state court's findings are sufficiently clear.

The petition for review is therefore

DENIED.