# Matter of Julio MEDINA-JIMENEZ, Respondent

*Decided August 7, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The categorical approach does not govern whether violating a protection order under 237(a)(2)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(ii) (2012), renders an alien ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act, 8 U.S.C. § 1229b(b)(1)(C) (2012); instead, Immigration Judges need only decide whether the alien has been convicted within the meaning of the Act and whether that conviction is for violating a protection order under section 237(a)(2)(E)(ii). *Matter of Obshatko*, 27 I&N Dec. 173 (BIA 2017), followed.

FOR RESPONDENT: N. David Shamloo, Esquire, Portland, Oregon

FOR THE DEPARTMENT OF HOMELAND SECURITY: Cathy Ng, Associate Legal Counsel

BEFORE: Board Panel: COLE, GUENDELSBERGER, and KENDALL CLARK, Board Members.

GUENDELSBERGER, Board Member:

This case is before us on remand from the United States Court of Appeals for the Ninth Circuit to further consider the respondent's eligibility for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (2012), following his violation of a protection order. We conclude that the respondent has been convicted of an offense under section 237(a)(2)(E)(ii) of the Act, 8 U.S.C. § 1227(a)(2)(E)(ii) (2012), and is therefore ineligible for cancellation of removal under section 240A(b)(1)(C). The respondent's appeal will again be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who claims that he entered the United States without inspection in 1995. On July 28, 2010, he pled guilty to contempt of court for violating a protection order issued by an Oregon circuit court. He was sentenced to 7 days in jail, fined, and placed on probation for 18 months. The Department of Homeland Security ("DHS") issued a notice to appear on July 30, 2010, charging that the respondent is inadmissible under section 212(a)(6)(A)(i) of the Act, 8 U.S.C.

§ 1182(a)(6)(A)(i) (2006), as an alien who is in the United States without being admitted or paroled.

At a hearing before an Immigration Judge, the respondent conceded removability and applied for cancellation of removal. In a decision dated December 13, 2011, the Immigration Judge denied the respondent's application after finding that he was convicted of an offense under section 237(a)(2)(E)(ii) of the Act, which rendered him ineligible for cancellation of removal under section 240A(b)(1)(C). We dismissed the respondent's appeal on September 14, 2013.

The respondent subsequently filed a motion requesting that the Oregon court correct the original judgment entered with regard to his violation of a protection order. On October 9, 2014, the court issued a "General Judgment of Contempt" nunc pro tunc to the date of its original order, changing the terminology relating to a "conviction" to that of a "contempt of court" judgment. On January 27, 2015, the Ninth Circuit granted the Government's unopposed motion to remand for us to determine the effect of this new judgment on the respondent's eligibility for cancellation of removal. In a decision dated July 14, 2015, we determined that, although Oregon no longer considers contempt of court a "crime," the respondent's contempt offense, which was processed under State law as "punitive," resulted in his "conviction," as that term is defined by section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A) (2012).

On August 10, 2016, the Ninth Circuit granted a second unopposed motion in which the Government requested a remand for the Board to address the Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), and to

> consider in the first instance what approach—the categorical approach, the "circumstance-specific" approach, or some other approach—should be used in determining whether an alien is ineligible for cancellation of removal under [section 240A(b)(1)(C)], for having been "*convicted* of an offense under section . . . [237(a)(2)(E)(ii)]," and, if necessary, whether that same approach applies in the context of determining an alien's removability under [section 237(a)(2)(E)(ii)], where a conviction is not required.

On remand, we requested supplemental briefing for the parties' positions on the issue now before us, taking into account our intervening decision in *Matter of Obshatko*, 27 I&N Dec. 173 (BIA 2017), and that of the Seventh Circuit in *Rodriguez v. Sessions*, 876 F.3d 280 (7th Cir. 2017). The respondent, whose brief was filed prior to our request, has argued, among other things, that the categorical approach should be applied in his case. Relying on *Matter of Obshatko*, the DHS contends that neither the categorical approach nor the circumstance-specific approach is applicable.

## II. ANALYSIS

Pursuant to section 240A(b)(1)(C) of the Act, an alien is ineligible for cancellation of removal if he or she has been "convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3)." At issue in this case is whether the respondent has been convicted of an offense under section 237(a)(2)(E)(ii), which refers, in part, to

> [a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.

In *Matter of Obshatko*, 27 I&N Dec. at 175, we determined that "the plain language of section 237(a)(2)(E)(ii) makes clear that a 'conviction' is not required to establish an alien's removability" under that provision. We therefore held that "whether a violation of a protection order renders an alien removable under section 237(a)(2)(E)(ii) of the Act is not governed by the categorical approach, even if a conviction underlies the charge." *Id*. at 176.

In the context of cancellation of removal, section 240A(b)(1)(C) renders ineligible any person "convicted of an offense under section 237(a)(2)." We must therefore decide if this reference to a conviction triggers the application of the categorical approach in assessing whether the respondent is barred from relief because he has been "convicted" of an offense under section 237(a)(2)(E)(ii) of the Act. As with a determination regarding an alien's removability under section 237(a)(2)(E)(ii), we hold that the categorical approach does not apply when deciding whether an alien's violation of a protection order renders him "convicted of an offense" for purposes of section 240A(b)(1)(C). *See Matter of Obshatko*, 27 I&N Dec. at 176–77. Instead, "an Immigration Judge should consider the probative and reliable evidence regarding what a State court has determined about the alien's violation." *Id.*

Two distinct inquiries must be made in applying section 240A(b)(1)(C) to determine whether a violation of a protection order is for an offense under section 237(a)(2)(E)(ii). First, an Immigration Judge must determine whether the offense at issue resulted in a "conviction" within the statutory definition set forth at section 101(a)(48)(A) of the Act.[1] The Immigration

---

[1] We emphasize that the question whether to apply the categorical approach, which "looks to the statutory definition of the offense of conviction," is a distinct inquiry from determining whether someone has, in fact, been "convicted" for immigration purposes. *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015).

Judge must then decide whether the State court has found that the alien "engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection ordered was issued," as directed by section 237(a)(2)(E)(ii). In conducting this second inquiry, Immigration Judges should follow the analysis provided in *Matter of Obshatko*—that is, they should review the probative and reliable evidence regarding whether the State court's findings that a protection order has been violated meet the requirements of section 237(a)(2)(E)(ii). An Immigration Judge might reasonably conduct these two inquiries—neither of which involves the elements-based categorical approach—in either order.

The Seventh Circuit has addressed this issue and rejected the application of the categorical approach in assessing whether an "offense under" section 237(a)(2)(E)(ii) of the Act is one that bars cancellation of removal under section 240A(b)(1)(C). *Garcia-Hernandez v. Boente*, 847 F.3d 869, 872 (7th Cir. 2017); *see also Rodriguez*, 876 F.3d at 283–85. The court reasoned:

> The key language [in section 237(a)(2)(E)(ii) of the Act], "the court determines," does not require a conviction of a particular kind or the categorical approach at all. What matters is what the court "determines." Section [237(a)(2)(E)(ii)] makes clear that the protection order can be one that is issued and enforced in another proceeding (such as a divorce action in which a court holds the alien in contempt for violating the order). Given the reference to a "conviction" in [section 240A(b)(1)(C)], we assume that a criminal conviction is needed, but the focus on what the court "determines" points, as in *Nijhawan* [*v. Holder*, 557 U.S. 29 (2009)], away from any sort of categorical test with respect to that particular element of the federal statute. If a court "determines" that the alien has engaged in conduct that violates a portion of the order that "involves protection against credible threats of violence, repeated harassment, or bodily injury," that is enough for purposes of [section 237(a)(2)](E)(ii)].

*Garcia-Hernandez*, 847 F.3d at 872.[2]

The Ninth Circuit has also held that the most logical reading of the reference in section 240A(b)(1)(C) to an alien who has been "convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3)," is an alien who has been "convicted of an offense *described* under" any of those three

---

[2] We acknowledge the Seventh Circuit's reference to *Nijhawan*, in which the Supreme Court applied a circumstance-specific approach in assessing the amount of loss to the victim for purposes of the fraud aggravated felony removal ground at section 101(a)(43)(M) of the Act. In *Matter of Obshatko*, 27 I&N Dec. at 176, we distinguished the circumstance-specific approach from an inquiry into whether an alien is removable under section 237(a)(2)(E)(ii) of the Act, although we recognized that both determinations might reach the same result. We find no reason to alter that analysis here.

sections. *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652 (9th Cir. 2004).[3] In other words, once it is established that the respondent has committed an offense described under section 237(a)(2)(E)(ii), section 240A(b)(1)(C) is satisfied by evidence that the offense resulted in a conviction.

The use of the term "convicted" in section 240A(b)(1)(C) of the Act does not mean that the categorical approach must be applied. That section refers to offenses in various provisions of the Act that require a conviction, but here we are concerned with an offense that is alleged to be "under" section 237(a)(2)(E)(ii) of the Act, for which a conviction is not essential. Although a conviction is necessary in the context of cancellation of removal, it would be incongruous to apply the elements-based categorical approach to section 237(a)(2)(E)(ii), which focuses on a court's determination regarding an alien's conduct. *Garcia-Hernandez*, 847 F.3d at 872. Instead, Immigration Judges need only decide whether the alien has been convicted within the meaning of the Act and whether the conviction is for violating a protection order under section 237(a)(2)(E)(ii).

Next, we must consider whether the record in this case establishes that the respondent was convicted of an offense that renders him ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act. We have already determined that the respondent has a conviction, as required by this provision.[4] The remaining question is whether his conviction is for an offense described in section 237(a)(2)(E)(ii).

As we concluded in *Matter of Obshatko*, the statute directs us to assess

> (1) whether a State court "determine[d]" that the alien "has engaged in conduct that violates the portion of a protection order that involve[d] protection against credible threats of violence, repeated harassment, or bodily injury" and (2) whether the order was "issued for the purpose of preventing violent or threatening acts of domestic violence."

---

[3]  The bar to eligibility for cancellation of removal in section 240A(b)(1)(C) applies to offenses referenced under section 237(a)(2), even if, as in this case, the alien is not "in and admitted to the United States," as required by section 237(a) of the Act for an alien to be removable under a section 237(a)(2) ground. *Gonzalez-Gonzalez*, 390 F.3d at 651–53 & n.2; *Matter of Ortega-Lopez*, 27 I&N Dec. 382, 398 (BIA 2018). In *Gonzalez-Gonzalez*, the Ninth Circuit addressed the domestic violence provision at section 237(a)(2)(E)(i) of the Act and held that an alien who had never been admitted could be convicted of an offense "under" section 237(a)(2) of the Act for purposes of the section 240A(b)(1)(C) bar.

[4]  Although most of the respondent's arguments on remand pertain to our prior finding that he has been "convicted" within the meaning of section 101(a)(48)(A) of the Act, we fully addressed that issue in our July 14, 2015, decision. The current Ninth Circuit remand order, which is predicated on the Government's unopposed motion, does not direct us to reconsider that issue.

*Matter of Obshatko*, 27 I&N Dec. at 177 (alterations in original) (quoting section 237(a)(2)(E)(ii) of the Act).

The record includes reliable and uncontested evidence that the respondent was convicted of an offense under section 237(a)(2)(E)(ii) of the Act. The judgment of the Oregon court states that the respondent was convicted of contempt of court. It further indicates that the conviction was based on his guilty plea to an information charging that he "did unlawfully and willfully disobey a restraining order filed under the Family Abuse [Prevention] Act of the Jefferson County Circuit Court by entering and remaining or attempting to enter and remain within 150 feet of [the protected victim's] residence." Thus, the court clearly determined that the respondent's underlying conduct involved a violation of the "stay-away" provision in a protection order issued pursuant to the Oregon Family Abuse Prevention Act ("FAPA"), whose purpose is to protect victims against threats of domestic violence.[5] *See Szalai v. Holder*, 572 F.3d 975, 978 n.2 (9th Cir. 2009) (per curiam) (stating that "the essence of [FAPA] is to prevent acts of family violence through restraining orders" (alteration in original) (citations omitted)).

The Ninth Circuit has ruled that the violation of a "stay-away" provision issued under Oregon's Family Abuse Prevention Act is one that "involves protection against credible threats of violence, repeated harassment, or bodily injury" within the meaning of section 237(a)(2)(E)(ii) of the Act. *Szalai*, 572 F.3d at 982; *see also Alanis-Alvarado v. Holder*, 558 F.3d 833, 838–40 (9th Cir. 2009). Relying on the Ninth Circuit's decisions, we have also held that a violation of such a protection order's "stay-away" provision falls within section 237(a)(2)(E)(ii). *See Matter of Strydom*, 25 I&N Dec. 507, 510 (BIA 2011) (stating that "the primary purpose of a no-contact order is to protect the victims of domestic abuse by the offender").

Based on this controlling authority, we conclude that the Immigration Judge properly determined that the respondent is ineligible for cancellation of removal because he has been convicted of an offense under section 237(a)(2)(E)(ii) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[5] The court subsequently granted the respondent's motion to correct the judgment nunc pro tunc and issued an amended judgment, explicitly stating that the respondent was "found in violation of a restraining order on . . . Count number 1, Contempt of Court, ORS 33.015." In our July 14, 2015, decision, we held that this amended judgment was a "conviction" under section 101(a)(48)(A) of the Act. Both the original and amended judgments are therefore convictions that meet the requirements of section 237(a)(2)(E)(ii).