**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1109
_____

JOSÉ MIGUEL BARRIOS LEON,
AKA Miguel Barrios,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A205-829-382)
Immigration Judge: Charles M. Honeyman
_____

Submitted Under Third Circuit LAR 34.1(a) on September 20, 2019

Before: KRAUSE, MATEY, *Circuit Judges*,
and QUIÑONES ALEJANDRO,* *District Judge*

(Opinion filed: October 23, 2019)
_____

OPINION†
_____

---

* Honorable Nitza I. Quiñones Alejandro, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.
† This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

QUIÑONES ALEJANDRO, *District Court Judge, by designation.*

Petitioner José Miguel Barrios Leon a/k/a José Barrios ("Petitioner") seeks review of the Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") decision, which granted the Government's motion to pretermit his Application for Cancellation of Removal and entered a final Order of Removal. The IJ's decision was premised on Petitioner's conviction for violating a no-contact provision of a Protection from Abuse ("PFA") Order. This Court has jurisdiction pursuant to § 242 of the Immigration and Nationality Act ("INA" or "the Act"). 8 U.S.C. § 1252.

## I. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in 2001 without inspection. Petitioner married Juana Garcia Lopez ("Garcia Lopez"), also a citizen of Mexico, and their son was born in 2007 in West Chester, Pennsylvania.

On December 18, 2012, Petitioner was arrested on charges of simple assault, recklessly endangering another person, terroristic threats, and harassment, all stemming from an interaction involving Garcia Lopez. Two days later, Garcia Lopez filed a complaint in the Court of Common Pleas for Chester County in which she sought a PFA Order, based on allegations that Petitioner had grabbed her hair, hit her, forced her to perform oral sex on him, and threatened her with a knife. The court granted her petition and entered a temporary PFA Order enjoining Petitioner, *inter alia*, from having "ANY CONTACT with [Garcia Lopez] . . . either directly or indirectly . . . except for such contact with the minor child . . . as may be permitted . . . Pending Final PFA Hearing, As parties agree." A.R. 274. Petitioner was also advised to stay away from the residence, and that

2

any violation of the PFA Order could result in his arrest for indirect criminal contempt, an offense that carries a possible penalty of a fine up to $1,000 and/or up to a six-month jail sentence.

On February 4, 2013, at 1:34 a.m., Petitioner was arrested outside Garcia Lopez' apartment pursuant to 23 Pa. Cons. Stat. § 6113(a), and charged with violating the protective order. He was later also charged with simple assault for the December 2012 incident involving Garcia Lopez. On June 26, 2013, Petitioner pled guilty to simple assault, for which he was sentenced to two years of probation, and to criminal contempt under § 6113(a), for which he was given credit for time served and granted immediate parole. On July 8, 2013, Petitioner moved to withdraw his guilty plea. His motion was denied. A subsequent petition for review of his conviction under the Pennsylvania Post-Conviction Relief Act ("PCRA") was dismissed.

## II. PROCEDURAL HISTORY

On July 1, 2013, the Department of Homeland Security ("DHS") served Petitioner with a "Notice to Appear" ("NTA") and charged him as removable pursuant to INA § 212(a)(6)(A)(i). Petitioner conceded removability and admitted to most of the allegations in the NTA. However, he filed an Application for Cancellation of Removal and Adjustment of Status, Form EOIR-42B, and claimed that his removal would cause exceptional and extreme hardship to his son, who is a United States citizen. DHS filed a motion to pretermit Petitioner's Application for Cancellation of Removal, arguing that Petitioner is ineligible for such consideration due to his conviction of an offense under INA § 237(a)(2)(E)(ii). On June 29, 2015, the IJ issued an interlocutory decision and order

3

denying Petitioner's Application for Cancellation of Removal. In December 2018, the BIA affirmed the IJ's decision and dismissed Petitioner's appeal.

## III. ANALYSIS

Where the BIA affirms an IJ's decision and adds analysis of its own, this Court reviews both decisions. *Martinez v. Att'y Gen.*, 693 F.3d 408, 411 (3d Cir. 2012). The Court reviews questions of law *de novo*, including the BIA's interpretation of the INA, subject to the deference dictated by *Chevron, U.S.A., Inc., v. NRDC, Inc.*, 467 U.S. 837 (1984). *Mondragon-Gonzalez v. Att'y Gen.*, 884 F.3d 155, 158 (3d Cir. 2018). Generally, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Lukwago v. Ashcroft*, 329 F.3d 157, 166 (3d Cir. 2003).

To qualify for cancellation of removal under INA § 240A(b), Petitioner must show that he has not been convicted of a disqualifying offense, which includes conduct described in INA § 237(a)(2)(E)(ii). *See* 8 U.S.C. § 1229b(b)(1)(C); 8 C.F.R. § 1240.8(d). Specifically, INA § 237(a)(2)(E)(ii) provides:

> [a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines *has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury* to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

4

8 U.S.C. § 1227(a)(2)(E)(ii) (emphasis added).

Thus, an alien such as Petitioner is ineligible for cancellation of removal if he has been convicted of an offense amounting to conduct which "violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury." Petitioner challenges the BIA's conclusion that his conviction was for conduct falling within the purview of § 237(a)(2)(E)(ii). He contends that 23 Pa. Cons. Stat. § 6113(a), the statute to which he pled guilty, is "a procedural statute, not a penal statute, that [does not] proscribe any conduct[.]"[1] Pet. Br. 15. Though § 6113(a) does not make any conduct illegal *per se*, it does provide authority to police to arrest a suspect without a warrant upon probable cause that the suspect has violated an order of protection. Petitioner essentially argues that because one cannot, strictly speaking, "violate" this statute, his conviction under § 6113(a) cannot support a finding that he violated a protection order in a manner encompassed by § 237(a)(2)(E)(ii). While this argument is creative, it is not legally sound.

When an immigration judge considers whether a conviction would render an alien ineligible for cancellation of removal under INA § 240A(b)(1)(C), he or she must

---

[1] To this end, the Government points out that it "appears not uncommon in Pennsylvania law to cite 23 Pa. Cons. Stat. §§ 6113(a) and 6114 interchangeably as the substantive offense in a prosecution for indirect criminal contempt based on violation of a protective order." Resp. Br. 18 n.4. (collecting cases). According to the Government, because the statutory scheme separates "the authority for charging" the offense from "the authority authorizing conviction and sentencing" for the offense, police regularly (and accurately) list the authority for the arrest as § 6113, which may inadvertently result in a guilty plea under § 6113, rather than § 6114. As such, the Government observes, "the conduct prohibited is nonetheless the same." *Id.*

first identify which portion of the alien's criminal record may be considered. That is, the IJ must determine whether to apply the formal "categorical approach" described in *Taylor v. United States*, 495 U.S. 575 (1990), the "modified categorical approach" identified in *Taylor* and extended by *Shepard v. United States*, 544 U.S. 13 (2005), or some other approach. *See, e.g.*, *Hillocks v. Att'y Gen.*, 934 F.3d 332, 336-39 (3d Cir. 2019); *Salmoran v. Att'y Gen.*, 909 F.3d 73, 76-77 (3d Cir. 2018). When deciding whether an alien's violation of a protection order under § 237(a)(2)(E)(ii) renders him ineligible for cancellation of removal, the BIA recently clarified its standard and held that "the categorical approach does not apply," *Matter of Medina-Jimenez*, 27 I. & N. Dec. 399, 401 (BIA 2018), and that immigration judges should instead "consider the probative and reliable evidence regarding what a State court has determined about the alien's violation," *id.* (quoting *Matter of Obshatko*, 27 I. & N. Dec. 173, 176-77 (BIA 2017)). Petitioner cites to the approach outlined in *Obshatko* and *Medina-Jimenez* and does not appear to challenge its applicability.[2] Under this "probative and reliable evidence" standard, it was appropriate for the BIA to consider more than the mere language of the statute under which Petitioner was convicted in determining whether his conviction was for conduct described by § 237(a)(2)(E)(ii). As such, Petitioner's emphasis on the nature of the statute to which he pled guilty is misplaced.

---

[2]     The United States Court of Appeals for the Ninth Circuit recently deferred to the BIA's interpretation of INA §§ 240A(b)(1)(C) and 237(a)(2)(E)(ii) in *Diaz-Quirazco v. Barr*, 931 F.3d 830 (9th Cir. 2019), finding that the BIA's approach in *Obshatko* and *Medina-Jimenez* was "reasonable" after an analysis under *Chevron. Id.* at 841. Although this Court has not yet conducted its own such analysis, we decline to do so here because, as noted, Petitioner does not argue that any alternative approach should apply.

6

Here, the BIA considered the police report, the affidavit of probable cause, the language in the PFA Order, and Petitioner's own representations about his conduct, including transcripts from his testimony in support of his PCRA petition. J.A. 7a. Based on this review, the BIA properly affirmed the IJ's determination that Petitioner "violat[ed] the no contact provision of the PFA order."[3] J.A. 272a. The BIA observed, *inter alia*, that a PFA order existed that enjoined Petitioner from appearing at Garcia Lopez' residence, and that Petitioner had "testified under oath that he was aware of the protection from abuse order, and knew that he was to have no direct or indirect contact with his wife[.]" J.A. 7a n.5. Thus, the totality of the record provided "probative and reliable evidence" that Petitioner was charged with, and convicted for, conduct that violated the no-contact provisions of a protection order. Under this scenario, the BIA and IJ properly concluded that Petitioner's conviction falls within the provisions of § 237 (a)(2)(E)(ii) of the Act and, therefore, that Petitioner is ineligible for cancellation of removal under § 240A(b)(1)(C). Though Petitioner also challenges the soundness of his conviction and the clarity of the PFA order in his brief, those issues are not within the scope of our jurisdiction. *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009) (holding that "collateral attacks [on state convictions] are not available in a . . . petition challenging the BIA's removal decision") (quotations and citations omitted); *see also*

---

[3]     The BIA has held, and several other Circuits have agreed, that the no-contact provisions of a protection order inherently involve "protection against credible threats of violence, repeated harassment, or bodily injury," and therefore fall within the meaning of § 237(a)(2)(E)(ii) of the Act. *See Matter of Strydom*, 25 I. & N. Dec. 507 (BIA 2011); *see generally Garcia-Hernandez v. Boente*, 847 F.3d 869 (7th Cir. 2017); *Cespedes v. Lynch*, 805 F.3d 1274 (10th Cir. 2015); *Szalai v. Holder*, 572 F.3d 975 (9th Cir. 2009).

*Giammario v. Hurney*, 311 F.2d 285, 287 (3d Cir. 1962) (holding that petitioner's guilt

could not be retried on review of BIA removal order following guilty plea).

## IV. CONCLUSION

For the foregoing reasons, we will deny the petition for review.