

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL VELASCO-MARIN, | No. 18-72279 |
| Petitioner, | Agency No. A200-147-933 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2020[**]
San Francisco, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[***] District Judge.

Miguel Angel Velasco Marin petitions for review of a decision by the Board

of Immigration Appeals ("BIA") holding that he is ineligible for cancellation of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

removal under 8 U.S.C. § 1229b because he was convicted of an offense under § 1227(a)(2)(E)(ii) by violating a protection order. We deny the petition.

1. The Protection Order: To be eligible for cancellation of removal, an applicant must establish that he "has not been convicted of an offense under section . . . 1227(a)(2)." 8 U.S.C. § 1229b(b)(1)(C). Section 1227(a)(2)(E)(ii) refers to an alien "*whom the court determines has engaged in conduct* that violates the portion of a protection order that involves protection against credible threats of violence." (Emphasis added.) A "protection order" is "any injunction issued for the purpose of preventing violent or threatening acts of domestic violence. . . ." *Id.*

Velasco Marin argues that, rather than considering his conduct in analyzing whether his offense was described in § 1227(a)(2)(E)(ii), the BIA should have used the modified categorical approach. *See Moncrieffe v. Holder*, 569 U.S. 184, 200 (2013) (stating that, when a provision refers to what "the noncitizen was 'convicted of,' not what he did, . . . the inquiry in immigration proceedings is limited accordingly"); *see also Alanis-Alvarado v. Holder*, 558 F.3d 833, 836–37 (9th Cir. 2008) (applying the modified categorical approach to a conviction for violating a protection order in the cancellation context). Velasco Marin argues that *Matter of Obshatko*, 27 I. & N. Dec. 173 (BIA 2017), rejected the categorical approach *only* for the analysis of whether a violation of a protection order "renders an alien

2

removable," and that the categorical approach still applies—as in *Alanis-Alvarado*—to the analysis of whether such a violation renders an alien ineligible for cancellation.

Recent precedent forecloses this argument. In *Matter of Medina-Jimenez*, 27 I. & N. Dec. 399 (BIA 2018), the BIA extended *Obshatko* to the cancellation context. The BIA reasoned that it would be "incongruous" to apply the categorical approach here because § 1227(a)(2)(E)(ii) concerns "a court's determination regarding an alien's conduct." *Id.* at 403. In *Diaz-Quirazco v. Barr*, 931 F.3d 830, 838–43 (9th Cir. 2019), we deferred to the *Obshatko*/*Medina-Jimenez* test. Because *Diaz-Quirazco* deferred to the BIA's interpretation that the categorical approach does not apply here, the BIA made no legal error in analyzing Velasco Marin's conduct to determine whether his conviction for violating a protection order qualified as an offense described in § 1227(a)(2)(E)(ii).

2. Due Process: Velasco Marin also argues that he was denied due process because the IJ gave the government extra time to brief arguments and did not allow his lawyer to present oral argument at one hearing. Due process rights are violated when a proceeding is "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation omitted).

The IJ did not act unfairly. She permitted the parties to present all the relevant facts and even asked for additional evidence. She allowed Velasco Marin numerous opportunities to submit briefs and present arguments.

**PETITION DENIED.**