19-2729
Garcia v. Wilkinson

BIA
Straus, IJ
A047 369 752

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-one.

PRESENT:
    ROBERT A. KATZMANN,
    SUSAN L. CARNEY,
    WILLIAM J. NARDINI,
        *Circuit Judges.*
_____

PAUL ANDRE JUDE MARIANO GARCIA,
        *Petitioner,*

        v.                                    19-2729

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*[1]
_____

FOR PETITIONER:            Dalia H. Fuleihan, Esq., New Haven Legal Assistance Association, New Haven, CT.

FOR RESPONDENT:            Keith I. McManus, Assistant Director; Rachel L. Browning, Trial Attorney,

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Paul Andre Jude Mariano Garcia, a native and citizen of Trinidad and Tobago, seeks review of an August 1, 2019 decision of the BIA affirming a February 22, 2019 decision of an Immigration Judge ("IJ"), ordering his removal and denying his application for cancellation of removal. *In re Paul Andre Jude Mariano Garcia,* No. A 047 369 752 (B.I.A. Aug. 1, 2019), *aff'g* No. A 047 369 752 (Immig. Ct. Hartford Feb. 22, 2019). We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case, to which we refer only as necessary to explain our decision.

At the outset, we reject Garcia's argument that the agency lacked jurisdiction over his removal proceedings because his initial notice to appear ("NTA") did not include a hearing date or time. In *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019), we held that "an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to

2

vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien," *id.* at 112. Garcia received a subsequent notice of hearing specifying the date and time and he appeared at the hearing as directed. As a result, the agency properly had jurisdiction over the removal proceedings.

Removability

Garcia challenges the agency's conclusion that he was removable for violating a protective order under 8 U.S.C. § 1227(a)(2)(E)(ii). That subsection provides,

[a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable.

8 U.S.C. § 1227(a)(2)(E)(ii). Garcia argues that the BIA erred in not applying the traditional categorical approach to determine whether his state offense matched the ground of removal in § 1227(a)(2)(E)(ii). *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) ("The categorical approach historically taken in determining whether a state conviction renders an alien removable . . . looks to the statutory definition of the offense of conviction . . . ."). Instead, following the BIA's own precedent, the BIA considered "probative and reliable evidence regarding what

3

a State court has determined about the alien's violation" in determining the applicability of § 1227(a)(2)(E)(ii). *Matter of Obshatko*, 27 I. & N. Dec. 173, 176–77 (BIA 2017); *see also Matter of Medina-Jimenez*, 27 I. & N. Dec. 399, 401 (BIA 2018).

This Court has not determined whether § 1227(a)(2)(E)(ii) is subject to the categorical approach or to a circumstance-specific analysis. The wording of the provision, however, supports the latter, because it requires that the agency or reviewing court assess the "conduct" of the individual rather than the type of conviction. *See Nijhawan v. Holder*, 557 U.S. 29, 38–39 (2009) (holding that a statute requires "a circumstance-specific approach" where it refers to "conduct involved '*in*' the commission of the offense of conviction, rather than to the elements *of* the offense"); *Diaz-Quirazco v. Barr*, 931 F.3d 830, 841 (9th Cir. 2019) ("[W]hether the alien has been 'convicted' is not the critical question of § 1227(a)(2)(E)(ii)."). *Cf. Mellouli*, 135 S. Ct. at 1986 (noting that the categorial approach is appropriate where the "conviction, not conduct, [is] the trigger for immigration consequences").

In light of this, we find no error in the agency's determination that Garcia is removable. The transcript of Garcia's plea hearing in state court makes clear that he repeatedly harassed a protected person in violation of a protective order in effect

4

against him. Accordingly, his violation triggers removability under § 1227(a)(2)(E)(ii).

Cancellation of Removal

Garcia challenges the agency's denial of the discretionary relief of cancellation of removal under 8 U.S.C. § 1229b. In reviewing a matter of discretionary relief, our jurisdiction is limited to constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(B)(i), (D), which include "the application of a legal standard to undisputed or established facts," *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020). *See also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008). Where a petition "merely quarrels over the correctness of the factual findings or justification for the discretionary choices, . . . the court . . . . lack[s] jurisdiction" over the petition for review. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Garcia raises neither constitutional claims nor questions of law over which we have jurisdiction.

Garcia's arguments all pertain to how the IJ balanced the evidence in reaching its decision. These aspects of the IJ's decision are beyond our review. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (noting that it is an "unreviewable argument that the IJ balanced improperly those factors that the IJ could consider").

5

To begin, Garcia argues that the IJ failed to consider evidence of his positive equities. Even if we could consider this argument, we note that it does not accurately describe the record. The IJ expressly "balance[d] the respondent's equities against the adverse factors." Cert. Admin. R. at 137.

Garcia further charges that the IJ committed factual error by finding that the petitioner did not show rehabilitation and committed legal error by *requiring* that he demonstrate such rehabilitation. Again, however, we cannot consider the petitioner's former argument. The latter argument is belied by the record, which shows that the IJ did not impose such a requirement. Rather, the IJ merely considered lack of rehabilitation as one of several factors relevant to its discretionary analysis. *See In re C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (noting that an IJ has broad discretion in what adverse qualities to consider in determining cancellation of removal).

Finally, Garcia argues that the IJ did not properly credit evidence that he would face discrimination based on his sexual orientation if he is returned to Trinidad and Tobago. In support, he points to the IJ's statement that, although it "did not find any evidence of harm to deportees, . . . [Garcia] may certainly face discrimination" upon his return. Cert. Admin. R. at 150.

6

This argument too asks that we reassess the weight that the IJ assigned to particular evidence, a review that we are not authorized to conduct. *See Barco-Sandoval*, 516 F.3d at 39–40; *see also Argueta*, 617 F.3d at 112–13; *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007).

Due Process Claim

We reject Garcia's final argument that he was denied a full and fair hearing at the agency in violation of due process. To establish such a violation, "an alien must show that she was denied a full and fair opportunity to present her claims or that [she was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citation omitted). Garcia contends that the IJ's demeanor and questioning style during his hearing revealed the IJ's predisposition to rule against Garcia. He also contends that the IJ did not meaningfully review the evidence.

Upon review, we conclude that the record does not support these characterizations and that the IJ's questioning and consideration of evidence did not violate due process.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7