**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Damian Lopez Ayala,<br><br>  Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>  Respondent. | No. 21-682<br><br>Agency No.   A200-244-953<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023[**]
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Damian Lopez Ayala, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals dismissing his appeal from

an order of an immigration judge denying his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The Board adopted and affirmed the immigration judge's determination

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that Lopez Ayala was ineligible for cancellation of removal because he had been convicted of an offense described in 8 U.S.C. § 1227(a)(2). *See* 8 U.S.C. § 1229b(b)(1)(C). Because the Board adopted the immigration judge's decision and contributed its own reasoning, we review both decisions. *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1092–93 (9th Cir. 2021) (per curiam).

1. Lopez Ayala objects to the Board's interpretation of "conviction" under the Immigration and Nationality Act (INA) for including offenses that did not produce a criminal conviction in state court. *See Matter of Medina-Jimenez*, 27 I. & N. Dec. 399, 400 (B.I.A. 2018) (determining that a non-criminal contempt judgment for violating a protection order constituted a "conviction" under the INA). Our precedent forecloses his argument. In *Diaz-Quirazco v. Barr*, we upheld the Board's interpretation of the term "conviction." 931 F.3d 830, 835 (9th Cir. 2019). In any event, Lopez Ayala does not dispute that his violation of a domestic violence protection order resulted in a criminal conviction in state court.

2. The Board did not err in determining that Lopez Ayala had been convicted of an offense under section 1227(a)(2)(E)(ii). That provision covers aliens subject to court-issued protective orders "whom the court determines [have] engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued." 8 U.S.C. § 1227(a)(2)(E)(ii). The categorical approach does not govern

whether a protective order violation makes a petitioner ineligible for cancellation of removal. *Diaz-Quirazco*, 931 F.3d at 841–42. Rather, if an immigration judge determines that a protective order violation resulted in a conviction as defined by the INA, the judge must then decide whether the state court found that the alien engaged in conduct that violated the portion of the protective order described in section 1227(a)(2)(E)(ii). *Medina-Jimenez*, 27 I. & N. Dec. at 401–02. In conducting this inquiry, the immigration judge "should review the probative and reliable evidence regarding whether the State court's findings . . . meet the requirements" of section 1227(a)(2)(E)(ii). *Id.* at 402.

A state court imposed a protection order on Lopez Ayala under California Penal Code § 136.2 as a condition of probation for his domestic battery conviction. That order required him not to "molest, annoy, threaten, harass or stalk" his victim. He was later charged with and convicted of contempt of court under California Penal Code § 166 for violating that order. Lopez Ayala failed to submit evidence showing that his conduct, as determined by the state court, was outside the scope of section 1227(a)(2)(E)(ii). The immigration judge based his decision on the record evidence of Lopez Ayala's convictions that gave rise to the protective order as well as the charges and convictions that he incurred in conjunction with the protective order violation. The immigration judge thus did not err in determining that Lopez was convicted of an offense rendering him ineligible for cancellation of removal, and the Board correctly affirmed his decision.

The motion to stay removal (Dkt. No. 5) is denied. The temporary stay of removal is lifted.

**PETITION DENIED.**