# Matter of Alex Pieniazek OBSHATKO, Respondent

*Decided November 17, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Whether a violation of a protection order renders an alien removable under section 237(a)(2)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(ii) (2012), is not governed by the categorical approach, even if a conviction underlies the charge; instead, an Immigration Judge should consider the probative and reliable evidence regarding what a State court has determined about the alien's violation. *Matter of Strydom*, 25 I&N Dec. 507 (BIA 2011), *clarified*.

FOR RESPONDENT: Ramon E. Rivera, Esquire, Syracuse, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Robert P. Levy, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, MALPHRUS, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated September 7, 2016, an Immigration Judge terminated these removal proceedings, finding that the respondent is not removable under section 237(a)(2)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(ii) (2012), as an alien who has violated a protection order. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Uzbekistan whose status was adjusted to that of a lawful permanent resident on February 6, 2015. On March 9, 2015, the respondent was convicted of criminal contempt under section 215.51(b)(iii) of the New York Penal Law after it was determined that he had violated an order of protection issued by a State court requiring him to stay away from a woman and her family.[1]

---

[1] At the time of the respondent's offense, section 215.51(b)(iii) of the New York Penal Law provided in relevant part as follows:

Based on this offense, the DHS initiated removal proceedings against the respondent, charging him with removability under section 237(a)(2)(E)(ii) of the Act. In support of the charge, the DHS submitted various documents, including a presentence report, a report regarding the respondent's violation of probation, a letter from a prosecutor, and sworn statements from the respondent's victims. Because these documents are not part of the respondent's record of conviction, the Immigration Judge determined that they could not be considered in analyzing the respondent's removability under the categorical and modified categorical approaches. Applying these approaches, the Immigration Judge concluded that the respondent's statute of conviction was overbroad and that he is not removable under section 237(a)(2)(E)(ii) based on his conviction for criminal contempt.

On appeal, the DHS argues that the Immigration Judge should not have employed the categorical and modified categorical approaches in deciding whether the respondent is removable. According to the DHS, it is appropriate to apply the circumstance-specific approach in analyzing removability under section 237(a)(2)(E)(ii) of the Act. The respondent asserts that the Immigration Judge properly terminated the proceedings after applying the categorical and modified categorical approaches.

## II. ANALYSIS

Section 237(a)(2)(E)(ii) of the Act provides as follows:

Any alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

---

A person is guilty of criminal contempt in the first degree when:

. . .

(b) in violation of a duly served order of protection, . . . he or she:

. . .

(iii) intentionally places or attempts to place a person for whose protection such order was issued in reasonable fear of physical injury, serious physical injury or death when he or she communicates or causes a communication to be initiated with such person . . . .

While we recognize that a conviction may result from an alien's violation of a protection order, as it does in this case, the plain language of section 237(a)(2)(E)(ii) makes clear that a "conviction" is not required to establish an alien's removability. *See Demarest v. Manspeaker*, 498 U.S. 190 (1991) ("When we find the terms of a statute unambiguous, [the] inquiry is complete except in rare and exceptional circumstances."); *Matter of Briones*, 24 I&N Dec. 355, 361 (BIA 2007). The issue before us, therefore, is whether the fact of an alien's conviction requires the application of the categorical and modified categorical approaches in determining removability under section 237(a)(2)(E)(ii), even though the statutory language clearly indicates that no conviction is necessary for the alien to be removable.[2]

The categorical approach is "[r]ooted in Congress' specification of conviction, not conduct, as the trigger for immigration consequences." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015). Because Congress did not require a "conviction" under section 237(a)(2)(E)(ii) of the Act, we conclude that it did not intend an alien's removability under that section to be analyzed under either the categorical or modified categorical approach. Given the limitations that the categorical approach places on the evidence that may be considered in determining an alien's removability, to hold otherwise would produce anomalous results. For example, if the categorical approach applies to an alien who was convicted of violating a protection order, under certain circumstances he may be entitled to a more favorable outcome than an alien whose violation did not result in a conviction.

We find support for our conclusion in decisions of the circuit courts that have examined this issue. For instance, the United States Court of Appeals for the Seventh Circuit held that "neither the categorical approach nor the modified categorical approach controls" the analysis of an alien's removability under section 237(a)(2)(E)(ii) because, unlike other provisions of the Act, the "text of [that section] does not depend on a criminal conviction but on what a court 'determines.'" *Garcia-Hernandez v. Boente*, 847 F.3d 869, 872 (7th Cir. 2017); *see also Hoodho v. Holder*, 558 F.3d 184, 189 n.2 (2d Cir. 2009) (noting that "[n]ot every removability provision requires application of the 'categorical approach' or the 'modified categorical approach'" and declining to decide whether these approaches apply to section 237(a)(2)(E)(ii)).[3] We agree with the Seventh Circuit that "[w]hat

---

[2]  Several grounds of removability may be supported by, but do not require, a conviction. *See, e.g.*, section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i) (2012) (relating to persons believed to be illicit traffickers in controlled substances); section 212(a)(2)(D) (pertaining to prostitution); section 212(a)(6)(E)(i) (relating to alien smuggling).

[3]  In *Hoodho*, the Second Circuit, in whose jurisdiction this case arises, applied the modified categorical approach in rejecting an alien's contention that his record of

matters" in analyzing an alien's removability under this provision "is simply what the state court 'determined' about [the alien's] violation of the protection order." *Garcia-Hernandez*, 847 F.3d at 872.

We do not agree, however, with the DHS's argument that we should apply the "circumstance-specific" approach in evaluating the respondent's removability. That approach applies only when a *portion* of a criminal ground of removability is not subject to the categorical approach. *See, e.g.*, *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009) (holding that the categorical approach is not applied to the monetary threshold in section 101(a)(43)(M)(i) of the Act, 8 U.S.C. § 1101(a)(43)(M)(i) (2012), which is assessed based on the "the specific circumstances surrounding an offender's commission of a fraud and deceit crime"). Unlike the ground of removability at issue in *Nijhawan*, the *entire* ground we consider here is not subject to a categorical analysis. Thus, a circumstance-specific approach is inapposite. Instead, the plain language of section 237(a)(2)(E)(ii) limits the analysis of an alien's removability to what a court has "determined" about the alien's violation of a protection order. *See Garcia-Hernandez*, 847 F.3d at 872; *Cespedes v. Lynch*, 805 F.3d 1274, 1278 (10th Cir. 2015) (holding that section 237(a)(2)(E)(ii) only requires an Immigration Judge to find that a State court determined that the alien's "conduct violated the terms of the order" and that those terms "involve[d] protection against credible threats of violence").

Nevertheless, in practical terms, the result in this case may be the same under the circumstance-specific approach, since both the specific circumstances surrounding an alien's violation and what a court has "determined" regarding that violation may be established through any reliable evidence. *See Matter of H. Estrada*, 26 I&N Dec. 749, 753 (BIA 2016) ("Under the circumstance-specific approach in immigration proceedings, all reliable evidence may be considered, including documents that comprise the formal 'record of conviction.'"); *see also Matter of D-R-*, 25 I&N Dec. 445, 458 (BIA 2011) ("In immigration proceedings, the 'sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair.'" (citation omitted)), *remanded on other grounds*, *Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).

We therefore hold that whether a violation of a protection order renders an alien removable under section 237(a)(2)(E)(ii) of the Act is not governed by the categorical approach, even if a conviction underlies the charge. Instead, an Immigration Judge should consider the probative and reliable evidence regarding what a State court has determined about the alien's

---

conviction failed to establish his removability. *Hoodho*, 558 F.3d at 189−90. However, we do not read that case as requiring the use of either the categorical or modified categorical approach in this case, because the alien's argument there assumed that these approaches governed the application of section 237(a)(2)(E)(ii). *Id.* at 189.

violation.  In so doing, an Immigration Judge should decide (1) whether a State court "determine[d]" that the alien "has engaged in conduct that violates the portion of a protection order that involve[d] protection against credible threats of violence, repeated harassment, or bodily injury" and (2) whether the order was "issued for the purpose of preventing violent or threatening acts of domestic violence."  Section 237(a)(2)(E)(ii) of the Act.

In reaching this conclusion, we clarify our decision in *Matter of Strydom*, 25 I&N Dec. 507 (BIA 2011).  Like the respondent, the alien in that case was convicted of violating a protection order.  Although the applicability of the categorical approach was not at issue, we presumed that it applied and determined that the alien's conviction rendered him removable under section 237(a)(2)(E)(ii).[4]  However, the applicability of the categorical approach is squarely at issue here, and we now conclude that this approach is not applicable where an alien's removability under section 237(a)(2)(E)(ii) must be determined.  Accordingly, we will not apply the categorical approach in this or any future cases involving section 237(a)(2)(E)(ii) of the Act.

Consequently, the Immigration Judge erred in applying the categorical approach to determine that the respondent's conviction for criminal contempt does not render him removable under section 237(a)(2)(E)(ii).  We will therefore vacate the Immigration Judge's decision to terminate the proceedings and will remand the record for further consideration of the respondent's removability.  On remand, the Immigration Judge should admit and consider all the probative and reliable evidence that relates to the respondent's violation of the protection order and accord it the appropriate weight.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight given to documentary evidence "'lie[s] largely' within the discretion" of the Immigration Judge (citation omitted)).  Accordingly, the DHS's appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded for further proceedings.

**ORDER:**  The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4]  Likewise, we applied the categorical approach to the prostitution ground in section 212(a)(2)(D) of the Act in *Matter of Gonzalez-Zoquiapan*, 24 I&N Dec. 549, 550−51 (BIA 2008), because the only evidence of removability was the alien's conviction documents.