

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROMAN BUSEV, | No. 17-73118 |
| Petitioner, | Agency No. A076-035-712 |
| v. | |
| WILLIAM P. BARR, ATTORNEY GENERAL, | MEMORANDUM** |
| Respondent.* | |

On Petition for Review of a Final Order of the Board of Immigration Appeals

Submitted May 17, 2019***
Portland, Oregon

Before: N. RANDY SMITH and PAUL J. WATFORD, Circuit Judges, and

---

\* William Barr has been substituted for his predecessor, Matthew G. Whitaker, as Attorney General under Fed. R. App. P. 43(c)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. 34(a)(2).

\**** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

JAMES V. SELNA,**** District Judge.

Petitioner Roman Busev ("Busev"), a native and citizen of Ukraine, challenges the decision of the Board of Immigration Appeals ("BIA") upholding a final order of removal against him. This Court has jurisdiction under 8 U.S.C. § 1252. The issues on appeal are limited to (1) whether the categorical approach, as outlined in *Taylor v. United States*, 495 U.S. 575 (1990), applies when determining removability under Immigration and Naturalization Act ("INA") § 237(a)(2)(E)(ii), 8 U.S.C. § 1227(a)(2)(E)(ii) (2018), and (2) whether the state trial court determined that Busev violated a portion of a protection order designed to protect against possible future domestic violence.[1]

After the parties briefed these issues, we held in *Diaz-Quirazco v. Barr*, 931 F.3d 830 (9th Cir. 2019), that the categorical approach does not apply when determining removability under INA § 237(a)(2)(E)(ii). *Id.* at 835; *Matter of Obshatko*, 27 I. & N. Dec. 173 (BIA 2017). Since that holding applies to Busev's

---

[1] The Immigration Judge ("IJ) denied Busev's applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. The BIA affirmed the denials of the applications for asylum, withholding of removal, and cancellation of removal, and considered any issues related to his application for protection under the CAT waived. CAR 3. Busev only challenges his removability under INA § 237(a)(2)(E)(ii). He has therefore waived any other issues related to the denial of his applications.

2

case, we need only determine the second issue. Because substantial evidence supports the BIA's finding that the state trial court determined that Busev violated the applicable portion of the protection order, we deny Busev's petition for review.

"When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We review factual findings of the BIA for substantial evidence," upholding them "unless the evidence compels a contrary result." *Gallegos-Vasquez v. Holder*, 636 F.3d 1181, 1184 (9th Cir. 2011) (citing *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004)).

Substantial evidence supports the BIA's finding that (1) the "State court 'determine[d]' that [Busev] 'engaged in conduct that violates the portion of a protection order that involve[d] protection against credible threats of violence, repeated harassment, or bodily injury' and (2) the order was 'issued for the purpose of preventing violent or threatening acts of domestic violence.'" *Matter of Obshatko*, 27 I. & N. Dec. at 176–77 (quoting 8 U.S.C. § 1227(a)(2)(E)(ii)).

1. A stay-away provision of a protection order "involves protection against credible threats of violence, repeated harassment or bodily injury" under 8 U.S.C.

3

§ 1227(a)(2)(E)(ii). *See Szalai v. Holder*, 572 F.3d 975, 982 (9th Cir. 2009). Pre-trial domestic violence no-contact orders were entered pursuant to Revised Code of Washington ("RCW") 10.99, preventing Busev from coming or knowingly remaining within a specified distance from his mother, brother, and their residences. Several months later, a Criminal Complaint charged Busev with two counts of violating the no-contact protection orders pursuant to RCW 10.99.040(4) and RCW 26.50.110(1) for coming within ten feet of his brother and for going to his mother's residence.

That Busev was ultimately convicted of two counts of violating an anti-harassment order pursuant to an *In re Barr*[2] plea under a different statute, RCW 9A.46.080,[3] is immaterial since the trial court was required to find a factual basis from a reliable source for the original charges under RCW 10.99.040(4). *See State v. Zhou*, 137 P.3d 835, 841 (Wash. 2006) . Here, the undisputed factual basis for

---

[2] 684 P.2d 712 (Wash. 1984), *holding modified by Matter of Hews*, 741 P.2d 983 (Wash. 1987), *abrogation on other grounds recognized by State v. Buckman*, 409 P.3d 193, 199 (Wash. 2018).

[3] RCW 9A.46.080 provides "[i]f a defendant is found guilty of a crime of harassment and a condition of the sentence restricts the defendant's ability to have contact with the victim or witnesses, the condition shall be recorded and a written certified copy of that order shall be provided to the victim or witnesses by the clerk of the court. Willful violation of a court order issued under this section or an equivalent local ordinance is a gross misdemeanor." WASH. REV. CODE § 9A.46.080.

the original charges involved Busev's violation of two stay-away provisions. The inference that the trial court made the requisite determination is buttressed by the annotations of "DV" next to each substituted count. Busev's "Statement of Defendant on Plea of Guilty" also includes "DV" next to the indication that Busev is "charged with the crime(s) of violation of anti-harassment order" and specifies that the two counts of violation of an anti-harassment order relate to a "family/household member." On this record, the BIA could reasonably conclude that the trial court determined that Busev violated the stay-away provisions of these protection orders.

2. Busev was "enjoined under a protection order . . . issued for the purpose of preventing violent or threatening acts of domestic violence." 8 U.S.C. § 1227(a)(2)(E)(ii). The express purpose of the statute under which these protection orders were issued is "to assure the victim of domestic violence the maximum protection from abuse which the law and those who enforce the law can provide." WASH. REV. CODE § 10.99.010. The protection orders issued against Busev enjoined him from having contact with his mother and brother, including entering or remaining within a specified distance from them and their residence, and Busev was charged with two counts of violating those specific portions. These

5

are "protection orders" within the meaning of INA § 237(a)(2)(E)(ii). *See Alanis-Alvarado v. Holder*, 558 F.3d 833, 838 (9th Cir. 2009)**.**

3. Although the BIA decided Busev's case before its decision in *Matter of Obshatko* and our decision in *Diaz-Quirazco*, "the BIA fully considered the necessary steps for determining whether [Busev] was ineligible for cancellation of removal based on a violation of the Restraining Order." *Diaz-Quirazco*, 931 F.3d at 847. Therefore, we do not remand the case. *See id.*

**PETITION FOR REVIEW DENIED.**