UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMIRO CHACON-MORALES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1200

Agency No.
A206-547-525

ORDER AMENDING
MEMORANDUM DISPOSITION

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

The Unopposed Motion to Amend filed by Respondent on June 15, 2023, is GRANTED. The memorandum disposition filed on May 2, 2023, is hereby amended as follows:

The final sentence of the memorandum disposition is amended to read: We remand to the BIA with instructions to vacate the IJ's decision granting reconsideration and to remand the matter to the IJ with instructions to enter a new order granting Chacon-Morales's application for cancellation of removal.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMIRO CHACON-MORALES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-1200<br><br>Agency No.<br>A206-547-525<br><br>AMENDED<br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 21, 2023
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Ramiro Chacon-Morales (Chacon-Morales), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision

dismissing his appeal of the granting of a motion to reconsider.

We review "rulings on motions to . . . reconsider for abuse of discretion

and reverse only if the Board acted arbitrarily, irrationally, or contrary to law."

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005) (citations omitted).

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

A motion to reconsider must "show how a change in law materially affects [a] prior decision." *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006). "A motion to reconsider based on a legal argument that could have been raised in the earlier proceedings will be denied. . . ." *Id.* (citation omitted).

**1.** At the time of Chacon-Morales's individual hearing, the Department of Homeland Security (DHS) did "not dispute that [Chacon-Morales] . . . does not have any disqualifying criminal offense" and "agreed to narrow the issues" to the hardship and discretionary relief prongs of the cancellation of removal inquiry. We decline to disturb the agency's characterization of the government's position as a stipulation because the government did not challenge the existence of a stipulation before the BIA. *See Aguilar-Turcios v Holder*, 740 F.3d 1294, 1302 n.11 (9th Cir. 2014) ("The government must accept the consequences of its litigation strategies, as must any defendant.") (citation omitted).

**2.** In its Motion to Reconsider, DHS cited the Board's decision in *Matter of Obshatko*, 27 I. & N. Dec. 173 (BIA 2017), as a change in law that justified reconsideration. However, DHS failed to adequately explain how *Obshatko* "materially affect[ed]" the IJ's decision. *O-S-G-*, 24 I. & N. Dec. at 58. Nor did DHS explain how *Obshatko* gave rise to a legal argument that DHS could not have raised earlier in the proceedings, especially when neither party presented new evidence following the decision of the Immigration Judge (IJ) granting the motion to reconsider. *See id.* The IJ therefore abused its discretion

2

in granting the motion. *See Mohammed*, 400 F.3d at 791.

In view of our conclusion that the motion to reconsider was improvidently granted, we do not reach Chacon-Morales's other arguments. We remand to the BIA with instructions to vacate the IJ's decision granting reconsideration and to remand the matter to the IJ with instructions to enter a new order granting Chacon-Morales's application for cancellation of removal.

**PETITION GRANTED.**