23-6217-ag
Jules v. Garland

BIA
Connelly, IJ
A056 554 065

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-four.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

MARCKINDAL JULES,

*Petitioner*,

v.                                                                        23-6217-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

FOR PETITIONER: JILLIAN E. NOWAK, Prisoners' Legal Services of New York, Buffalo, NY

FOR RESPONDENT: RODOLFO D. SAENZ, Trial Attorney, Office of Immigration Litigation ( Brian M. Boynton, Principal Deputy Assistant Attorney General, Lindsay B. Glauner, Senior Litigation Counsel, *on the brief*),   United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.

Petitioner Marckindal Jules, a native and citizen of Haiti, seeks review of a February 24, 2023 decision of the BIA affirming a September 27, 2022 decision of an Immigration Judge (IJ) ordering his removal under 8 U.S.C. § 1227(a)(2)(E)(ii).   *In re Marckindal Jules*, No. A 056 554 065 (B.I.A. Feb. 24, 2023), *aff'g* No. A 056 554 065 (Immig. Ct. Batavia Sept. 27, 2022).   We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision to grant the petition, vacate the BIA's decision, and remand for further proceedings.

In 2010 a New York state court issued an order of protection directing Jules to refrain from, among other things, communicating with, intimidating, stalking,

2

or harassing a former girlfriend. In 2011 Jules was charged with first-degree criminal contempt, fourth-degree criminal mischief, and second-degree harassment for allegedly entering his ex-girlfriend's house in violation of the protection order. The first-degree criminal contempt charge was eventually withdrawn, and Jules pleaded guilty instead to second-degree criminal contempt under New York Penal Law (NYPL) § 215.50, while the remaining charges against him were dismissed. The certificate of conviction, which does not identify the subsection of NYPL § 215.50 to which Jules pleaded guilty, is the only state court document in the record.

We have reviewed the IJ's decision as supplemented by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's legal conclusions *de novo* and its factual findings for substantial evidence. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Jules challenges the agency's conclusion that he was removable for violating a protection order under 8 U.S.C. § 1227(a)(2)(E)(ii). Specifically, he asserts that his plea to second-degree criminal contempt did not require the state court to find that he had violated the protection order entered against him. In determining whether a noncitizen is removable under § 1227(a)(2)(E)(ii), the record must permit the agency to conclude that "(1) the [noncitizen] was subject

3

to a court protection order—defined by statute as having been 'issued for the purpose of preventing violent or threatening acts of domestic violence'; and (2) *a court* found the [noncitizen] to have 'engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.'"[1]  *Alvarez v. Garland*, 33 F.4th 626, 641 (2d Cir. 2022) (emphasis added) (quoting 8 U.S.C. § 1227(a)(2)(E)(ii)).  Under the agency's own precedent, a state court must make the determination that Jules violated the protection order.  *See Matter of Obshatko*, 27 I. & N. Dec. 173, 176–77 (B.I.A. 2017) (noting that "an [IJ] should consider the probative and reliable evidence regarding what a State court has determined about the [noncitizen's] violation" and that "the plain language of [§ 1227](a)(2)(E)(ii) limits the analysis of [a noncitizen's] removability to what a court has 'determined' about the [noncitizen's] violation of a protection order").  "[T]he government bears the burden of establishing that the [noncitizen] is removable by clear and convincing evidence."  *Zerrei v. Gonzales*, 471 F.3d 342, 345 (2d Cir. 2006).

---

[1] Jules concedes that there was a protection order against him, so the issue before us is whether there is substantial evidence in the administrative record of a court determination that Jules violated a relevant portion of that order.

4

On this record, the Government has failed to carry its burden. Although the agency was required to find that a court had determined that Jules violated a relevant portion of the protection order, 8 U.S.C. § 1227(a)(2)(E)(ii); *Alvarez*, 33 F.4th at 641, the agency does not appear to have made such a finding. We see no evidence of such a determination in the certified administrative record. Neither the IJ nor the BIA references that § 1227(a)(2)(E)(ii) requires such a court determination. The agency mentions only that Jules's conviction was "premised on" his violation of the protection order. Certified Administrative Record at 4, 77. Rather than analyzing what a court determined, the agency relied solely on prosecutorial documents. The IJ reviewed "the felony complaint, supporting deposition, domestic incident report and arrest report" in finding Jules removable. *Id.* at 79. Moreover, the record reflects that the first-degree criminal contempt charge was withdrawn because the prosecution determined that it could not prove that Jules "intended to harass, annoy, threaten or alarm the person for whose protection the order . . . was issued." *Id.* at 572–73. There is no further evidence in the record about why the prosecution could not prove the initial charge or what crimes the state court concluded that Jules had actually committed.

We decline to affirm an agency's decision that fails to follow its own precedent.  *See Ojo v. Garland*, 25 F.4th 152, 157 (2d Cir. 2022) ("[T]he broad discretion afforded to immigration courts . . . does not allow an agency to apply an improper legal standard [or] ignore its own precedent.").

Under the specific facts and circumstances of this case, the conviction and prosecution documents are not clear and convincing evidence that *a court* determined that Jules "engaged in conduct that violate[d] the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued."  8 U.S.C. § 1227(a)(2)(E)(ii).[2]

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because we vacate the finding of removability, we do not reach the agency's denial of relief from removal.