**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1649
_____

RITCHY EMMANUEL MICHEL,
                                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A066-876-868)
(U.S. Immigration Judge: Kuyomars Q. Golparvar)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 8, 2022

Before:  GREENAWAY, JR., SCIRICA, and COWEN*, *Circuit Judges*.

(Filed: May 5, 2022)

_____

* The Honorable Robert E. Cowen participated in the decision in this case.  Judge Cowen assumed inactive status on April 1, 2022 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

_____

OPINION**

_____

**SCIRICA**, *Circuit Judge*

Petitioner Ritchy Michel seeks review of the Board of Immigration Appeals'
("BIA") decision affirming the Immigration Judge's ("IJ") decision, which found Michel
removable under 8 U.S.C. § 1227(a)(2)(E)(ii) as an alien who violated a protection from
abuse order. We will deny the petition.

I.

Michel is a native and citizen of Haiti who was admitted to the United States as a
lawful permanent resident in September 2019. Michel's spouse is a U.S. citizen. Prior to
his placement into removal proceedings, Michel and his family resided in Harrisburg,
Pennsylvania.

On February 2, 2020, Michel was arrested and charged with simple assault against
his wife. The criminal complaint included an affidavit of probable cause sworn by the
responding police officer, stating that on February 2, 2020, the officer observed swelling
and discoloration in Michel's wife's left eye, and the officer was told by Michel's wife that
Michel had punched her in the eye. Michel later pleaded guilty to simple assault and

_____

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

harassment and was sentenced to three days' imprisonment.

As a result of this incident, Michel's wife sought, and was granted, a temporary protection from abuse order against Michel. In her petition for the protection order, she stated that, "[Michel] punched me in my eye. He is always controlling. When I talk on my phone, it's a problem for him. He's broken my phone before. On Sunday, he was arrested and charged with Simple Assault." AR 153. The Court of Common Pleas of Dauphin County issued a final protection order (the "PFA") on February 12, 2020. The PFA directed Michel not to "abuse, harass, stalk, threaten, or attempt or threaten to use physical force against" his wife. AR 145.

On February 24, 2020, Michel's wife called the police and told them that Michel had forcibly taken her phone away from her. She also told the police that after getting her phone back and going to her car, Michel followed her and yelled at her to give him her phone. When she refused, Michel banged on the window and threatened that he would break the window and "give her a reason to call the police." AR 139.

The police filed a criminal complaint against Michel, charging him with Indirect Criminal Contempt for violation of the PFA. Michel was arrested for this violation, and on March 11, 2020, he pleaded guilty to Indirect Criminal Contempt in violation of 23 Pa. Cons. Stat. § 6114(a). Michel was sentenced to two weeks to four months' imprisonment, fined $300, and directed to complete batterer's counseling.

Following his sentencing in the Pennsylvania Court of Common Pleas, the Department of Homeland Security ("DHS") initiated removal proceedings by filing a

Notice to Appear ("NTA"). The NTA charged Michel as being subject to removal from the United States under 8 U.S.C. § 1227(a)(2)(E)(ii), as an alien who violated a protection from abuse order issued to protect a victim from credible threats of violence, repeated harassment, or bodily injury.

Michel moved to terminate the proceedings, claiming "the evidence of record is insufficient to sustain the charge of removal" under 8 U.S.C. § 1227(a)(2)(E)(ii). AR 115–22. On August 13, 2020, the IJ denied Michel's motion to terminate, finding that the agency's evidence was sufficient to establish that Michel was removable under § 1227(a)(2)(E)(ii). At a subsequent hearing, Michel requested voluntary departure. On August 20, 2020, the IJ issued an oral decision finding Michel removable as charged and denying Michel's request for voluntary departure.

Michel filed a timely appeal with the BIA, contending the IJ erred in finding him removable under § 1227(a)(2)(E)(ii). On March 16, 2021, the BIA dismissed Michel's appeal. The BIA determined that the agency's evidence was sufficient to establish that Michel's conduct violated § 1227(a)(2)(E)(ii). The BIA also found the Immigration Judge's analysis "thorough and well-reasoned." AR 5. Finally, the BIA noted that Michel did not challenge the denial of his request for voluntary departure, and therefore deemed the issue waived. This appeal followed.

II.[1]

---

[1] The BIA had appellate jurisdiction over an immigration judge's decisions in removal proceedings under 8 C.F.R. §§ 1003.1(b) and 1240.14. We have jurisdiction over final

4

Where, as here, "the 'BIA's opinion directly states that the BIA is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of the BIA's conclusions,' we review both decisions." *Uddin v. Att'y Gen.*, 870 F.3d 282, 289 (3d Cir. 2017) (quoting *Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 270 (3d Cir. 2012)). We review questions of law de novo, "including the BIA's interpretation of the INA, subject to the deference dictated by *Chevron, U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)." *Mondragon-Gonzalez v. Att'y Gen.*, 884 F.3d 155, 158 (3d Cir. 2018). We review the agency's factual findings under the "highly deferential" substantial-evidence standard: "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Under 8 U.S.C. § 1227(a)(2)(E)(ii), an alien who violates a protection from abuse order is removable. Specifically, 8 U.S.C. § 1227(a)(2)(E)(ii) provides:

> Any alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

orders of removal under 8 U.S.C. § 1252(a)(1). This appeal was timely filed within 30 days of the final order of removal. 8 U.S.C. 1252(b)(1). Venue is also proper in our court because Michel's removal proceedings were completed in York, Pennsylvania. 8 U.S.C. § 1252(b)(2).

5

For an alien to be deportable under this provision, three elements must be satisfied: "(1) there must have been a protection order entered by a court against the alien; (2) at least one portion of that order must have involved protection against a credible threat of violence, repeated harassment, or bodily injury; and (3) 'a court must have determined that the alien engaged in conduct that violated that portion.'" *Sunuwar v. Att'y Gen.*, 989 F.3d 239, 247–48 (3d Cir. 2021) (quoting *Rodriguez v. Sessions*, 876 F.3d 280, 284–85 (7th Cir. 2017)). The DHS bears the burden of proving removability "by clear and convincing evidence" and "[n]o decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence." 8 U.S.C. § 1229a(c)(3)(A). "Only if [DHS] satisfies this burden, based on evidence presented at a hearing, may the immigration judge issue an order authorizing removal." *Duvall v. Att'y Gen.*, 436 F.3d 382, 388 (3d Cir. 2006).

Here, the evidence presented at Michel's hearing demonstrates all three elements of (E)(ii) are satisfied.

*First*, Michel does not dispute that the PFA entered by the Court of Common Pleas of Dauphin County on February 12, 2020, was a valid protection order.

*Second*, a portion of the PFA involved protecting Michel's wife from a credible threat of violence, repeated harassment, or bodily injury. Even a straightforward no-contact order involves protection against violence because "the primary purpose of a no-contact order is to protect the victims of domestic abuse by the offender. In other words,

the offender is ordered not to have any contact so that the victims will not be victimized again." *In re Strydom*, 25 I. & N. Dec. 507, 510 (B.I.A. 2011); *Sunawar*, 989 F.3d at 248. Here, the PFA was even more extensive than a no-contact provision and specifically ordered Michel not to "abuse, harass, stalk, threaten, or attempt or threaten to use physical force against" his wife. AR 145. For this reason, the IJ and BIA properly found that a portion of the PFA issued against Michel involved protection against credible threats of violence, repeated harassment, or bodily injury.

*Third*, the Pennsylvania Court of Common Pleas determined that Michel engaged in conduct that violated the portion of the PFA designed to protect Michel's wife from credible threats of violence, repeated harassment, or bodily injury. To satisfy this element, there is no requirement that the alien actually engage in violent conduct. *See Sunuwar*, 989 F.3d at 248 (explaining that such a requirement "clashes with the language of the statute."). Instead, the relevant inquiry is whether the alien's conduct violated the portion of the PFA designed to prevent violent conduct. *Id.* Indeed, even an alien's benign conduct may violate the portion of a protection order designed to prevent violent conduct. *See id*. (holding that an alien was removable under (E)(ii) because he sent non–threatening letters to his spouse in violation of a no-contact order designed to prevent domestic violence).

In considering the third element, an agency may consider all "probative and reliable evidence" regarding what the court has determined about the alien's violation of the protection order. *Id.* (quoting *In re Obshatko*, 27 I. & N. 173, 176–77 (B.I.A 2017)). Such evidence may fairly include the criminal complaint, affidavit of probable cause, and other

7

documents in the record of conviction. *See id.* at 244, 248 (relying on affidavit of probable cause); *Garcia-Hernandez v. Boente*, 847 F.3d 869, 872–73 (7th Cir. 2017) (approving the use of "documents in record of conviction").

Here, Michel pleaded guilty to indirect criminal contempt for violating the protective order against him in violation of 23 Pa. Cons. Stat. § 6114(a). The indictment charged Michel with violating the specific clause of the PFA ordering that he not "harass or threaten the victim . . . by attempting to take her phone, following her to her vehicle, and threatening to break the window of the car and take the phone from her, and giving her a reason to call the police." AR. 137. Accordingly, the IJ and BIA correctly found that a court determined that Michel violated the portion of the PFA order designed to protect his wife from credible threats of violence, repeated harassment, or bodily injury. Because the DHS satisfied its burden of proving all three elements of (E)(ii), the order finding Michel removable was proper.

As regards Michel's claim that the BIA did not provide him with due process and individual appellate review, we see no merit to this argument. The decisions of both the IJ and BIA were thorough, well-reasoned, and fully supported by the administrative record. Nothing suggests Michel was denied due process.

III.

For the reasons stated above, we affirm the BIA's decision finding Petitioner removable under § 1227(a)(2)(E)(ii).

8